(Rev. 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

(1) KEVIN D. DIXON, 154239
_____
(Name of Plaintiff)      (Inmate Number)

D.C.C, 1181 PADDOCK RD, SMYRNA DE, 19977
_____
(Complete Address with zip code)

(2)_____
(Name of Plaintiff)      (Inmate Number)

_____
(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) THOMAS L. CARROL, ET AL.

(2)_____

(3)_____
(Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

: ― 0 7 - 2 6 ― ―
: _____
: (Case Number)
: ( to be assigned by U.S. District Court)

**CIVIL COMPLAINT**

Jury Trial

**FILED**

**JAN 1 2 2007**

**U.S. DISTRICT COURT
DISTRICT OF DELAWARE**

BD scanned
IFP

**I.    PREVIOUS LAWSUITS**

A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
including year, as well as the name of the judicial officer to whom it was assigned:

05 - 756 (SLR)

_____

_____

_____

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE


KEVIN D. DIXON

    V.


THOMAS L. CARROL, STANLEY TAYLOR,
RONALD HOSTERMAN, LARRY SAVAGE,
RALPH HEVERIN, LT. REYNOLDS, LT. SPENCER,
LT. SARAH MAGGIE, J. JACKSON, CAPT JANET HENRY,

## II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?    • ✗ Yes    • • No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims?    • ✗ Yes    • • No

C.    If your answer to "B" is Yes:

1. What steps did you take?    FILED GRIEVANCE IN ACCORDANCE TO GRIEVANCE PROCEDURE 4.4.

2. What was the result?    DEFENDANTS RESPOND STATING DISCIPLINARY AND CLASSIFICATION PROCEDURE ARE NOT GRIEVABLE.

D.    If your answer to "B" is No, explain why not: ___ D/A ___

## III.    DEFENDANTS (in order listed on the caption)

(1) Name of first defendant: ___ SEE ATTACHED ___

Employed as _____ at _____

Mailing address with zip code: _____

(2) Name of second defendant: ___ SEE ATTACHED ___

Employed as _____ at _____

Mailing address with zip code: _____

(3) Name of third defendant: ___ SEE ATTACHED ___

Employed as _____ at _____

Mailing address with zip code: _____

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. SEE ATTACHED STATEMENT OF CLAIMS # IV

2. SEE ATTACHED STATEMENT OF CLAIMS # IV

3. SEE ATTACHED STATEMENT OF CLAIMS # IV

## V.  RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. 10 MILLION DOLLARS FOR PUNITIVE, NOMINAL AND EXEMPLATORY DAMAGES THAT RESULTED FROM THE DEFENDANTS VIOLATING THE PLAINTIFF'S WELL ESTABLISHED U.S CONSTITUTIONAL RIGHTS.

## Preliminary Injunction

For the D.O.C treatment Administrator to file a modification of Sentence with the Superior Court of Kent County, for the plaintiff to be transfered to the Delaware Psychiatric Center until he is eligable for parole.

For a mental health treatment program to be available for mentally ill inmates housed in the Segregated housing buildings 17 - 18 & 19.

- mental health counselor on duty 24 hours daily, for the D.O.C mental health patients.

For the D.O.C to inform the Delaware Superior Courts that an inmate is diagnosed with mental illnesses and is prescribed psychotropic drugs (for pre-trial inmates.)

2. COURT APPOINTED COUNSELOR TO LITIGATE THIS ACTION.
PLAINTIFF IS A SERIOUSLY MENTALLY ILL PERSON DIAGNOSED
WITH SCHIZOPHRENIA + MULTIPULE PERSONALITY DISORDER;
FOR WHICH STRONG PSYCHOTROPICS ARE PRESCRIBED.
PLAINTIFF READS AND WRITES ON A SECOND GRADE LEVEL
AND CAN NOT LITIGATE THIS ACTION.

3.
EXPUNGE ALL DISCIPLINARY REPORTS OUT OF
CLASSIFICATION FILE.  FOR ATTORNEY AND
PSYCHIATRIST TO REPRESENT THE MENTALLY ILL
AT DISCIPLINARY + CLASSIFICATION HEARINGS, AND
PAROLE HEARINGS. (MENTALLY ILL PRESCRIBED PSYCHOTROPICS).

I declare under penalty of perjury that the foregoing is true and correct.

Signed this **09** day of **JAN.**, 2**007**

_Kevin D. Dixon Sr_
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4

I, Kevin D. Dixon, SBI #154239, due hereby certify that I am the plaintiff in this civil action, that the claims as noted herein are true and correct, and that I am a mental health patient who has been diagnosed with the mental illnesses of schizophrenia and multiple personality disorder for which I am prescribed strong psychotropic drugs. I read and write at a ~~the~~ second grade level, I am illiterate to law and I will not be able to litigate this civil action without an attorney. I did not author this notation, ~~and~~ I did not author the civil action documents used as exhibits, but with the signing of my signature, I bare witness that the claims as stated herein are true and correct and that I give my consent for this action ~~the~~ notation to be authored, and for the United States district court for the district of Delaware to have jurisdiction over this action.

01-09-07                    Kevin D. Dixon Sr.

" TABLE OF CONTENTS "

STATEMENT OF CLAIMS, 13 PAGES.

CA. NO. 05 - 756 (SLR), 7 PAGES.

JUNE 28, 05 NOTATION FROM T. ANDREW ROSEN ESQ.
PUBLIC DEFENDER, 2 PAGES.

SUPERIOR COURT CRIMINAL DOCKET SHEET, 4 PAGES.

9/21/05 NOTATION FROM D.C.C SECURITY & SUPERINTENDANT,
MAJOR DAVID K. HOLMAN, 1 PAGE.

4/13/05 NOTATION FROM D.C.C TREATMENT ADMINISTRATOR,
RONALD HOSTERMAN, 1 PAGE.

4/19/05 NOTATION FROM DELAWARE BOARD OF PAROLE
CHAIRPERSON, DWIGHT F. HOLDEN, 1 PAGE.

CA. NO 89 - 393 JLL DOCUMENTS, 17 PAGES.

D.C.C. (S.N.U.), SPECIAL NEEDS UNIT SCHEDULE
12/2006, 1 PAGE.

PROGRAM PARTISCIPATION CERTIFICATES, THE PLAINTIFF
RECEIVED AT THE D.C.C, 19 TOTAL.

NOTATION OF THE PLAINTIFF'S INCOMPETENCE.

# IV

## Statement of claims

" Brief discription of Argument "

In 1983 the plaintiff was sentenced in the Kent County Superior Court to serve a 45 year sentence at the D.O.C with the eligability for parole.

The plaintiff is a seriously mentally ill person, diagnosed with schizophrenia and multipulce personality disorder for which psychotropic drugs are prescribed, which the defendants are well aware of. (See civil action 89-393(JLL) attached herein as exhibit

The plaintiff has been subjected to numerous disciplinary hearings while he was incompetent, and the defendants have failed to either train for maintenence of wrongful customs, practices and policies, and the defendants have failed to take the plaintiffs serious mental Illnesses into consideration before disciplinary hearings were conducted. The defendants have also failed to provide the plaintiff with any written documents regarding disciplinary hearing. The defendants violations of the plaintiffs well established rights have resulted in his being denied parole.

"In regards to the P.L.R.A, Prison litigation reform Act."

According to the Delaware Department of Corrections (S.O.P), standard Operational procedure 4.4, issues concerning disciplinary and classification procedures and decisions are excluded from the inmate grievance procedure.    Therefore, in regard to the P.L.R.A, The plaintiff did exhaust his administrative remedies.

See; Brown V. Croak, 312 F3d 109,- 113 (3RD CIR 2002), Mitchell V. Horn,- 318 F.3d 523, 529 (3RD CIR 2003), — Miller V. Norris, 247 F.3d 736, 740 (8TH CIR 2001.)

A remedy that prison officials prevent prisoners from utilizing is not an available remedy under P.L.R.A.

Under color of state law, at the Delaware Correctional Center, between the dates of 1983 thru Jan 2005, and 2005 of Feb thru Jan 2007, the defendants Thomas L. Carrol warden of the Del. Corr. Centers, Ronald Hostesman treatment administrator, Captain Janet Henry, Classification Officer J. Jackson, D.D.O.C Commissioner Stanley Taylor, Hearing Officers Bernice Williams - LT Larry Savage, LT- Ralph Heverin - LT Reynolds - LT Spencer - Lt Sarah Maggie along with any other unnamed hearing officer who conducted disciplinary hearings against the plaintiff Kevin D. Dixon SBI # 154239, #.) conducted disciplinary hearings against the plaintiff without first consulting with psychiatrist whom was treating his serious mental illnesses of schizophrenia and multiple personality disorder in order to determine his state of mind at the time of said disciplinary code violation and or at the time of the disciplinary hearing, even though the defendants were fully aware that said serious mental illnesses effected the plaintiff at all times during his incarceration, for which supports the plaintiff claim of Deliberate indifference in regards to the plaintiff medical condition and or needs

( See attached exhibit CA No. 89 - 393 (JU) ).

P. II )

the defendant Stanley Taylor and
the defendant Thomas L. Carrol failed
to train the defendants for maintenence of
wrongful customs, practices and policies.
The defendants failed to consult
with my psychiatrist in order to determine if
said disciplinary sanction would interfere with
treatment prescribed by my psychiatrist while
I was in the infirmary on psych close observation
level I and or level II, or while I was in
general population. Said disciplinary sanctions
indeed did interfere with the treatment prescribed
to me, due to said sanctions exasperating
my mental health condition and causing me
to remain in the infirmary for longer that
I think I would have, for causing me to
be confined in the disciplinary Segregation
building S.H.U, where I wasn't able
to receive the same mental health treatment
that I was receiving while in general population
and or that is provided to inmates housed
in general population, for which violated
my established liberty intrest. See the
correctional code of penal discipline (c.c.p.d).

P. III )

The defendants failed to provide
The plaintiff Kevin D. Dixon at every
disciplinary hearing conducted against him with
(A) a written notice of the disciplinary code violation,
(B) The opportunity to allow an attorney and or
counselor from mental health to represent him
due to the plaintiff mental health illnesses of
schizophrenia and multiple personality disorder
that rendered him incompetent (c) The opportunity
to call witnesses in his very own behalf,
(D) the opportunity to present evidence in his
own behalf, (E) to provide a written notice of
the fact finding; (F) to be allowed to appeal,
(G) to receive a written notice within 48 hours
(H) to have the disciplinary hearing(s) conducted
within 72 hours after the alleged disciplinary
code violation are said to have occured,
(I) within 7 days after the alleged disciplinary
code violation are said to have occured.

8TH And 14TH U.S.cA right violations
See, Estelle v. Gamble, 97 S.ct 285, 50 –
L.Ed 2d 251, See also Avant v. Clifford –
67 NJ 496, 341 A.2d 629., United States erel,
Ross. v. Warden 482 F. Supp 443, –
Wolff v. McDonnell, 418. U.S 539, 556 (1974).

The plaintiff intends for the pleadings to be interpreted, as the defendants are liable for said constitutional violations as stated herein, each and every time disciplinary hearings and sanctions were imposed upon him between the dates of 1983 thru Jan 2005, and from 2005 of Feb thru 2007 of Jan. The plaintiff thinks he was subjected to more than 90 different disciplinary hearings and sanctions, for which resulted in the plaintiff being transfered to disciplinary segregation on at least 8 different occassions: 6 months, 14 months, 12 months, 8 months, 24 month, 9 months, 14 months and again for 8 months.

During the plaintiff's confinement in the disciplinary segregation unit, during stated durations of time noted herein, the plaintiff was denied visits, religious services, commissary, haircuts, phone calls, psychiatric Treatment, recreation like other inmates housed in general population. During the plaintiff's stay in disciplinary segregation, the lack of psychiatric treatment would call for the plaintiff to be transfered to the D.C.C infirmary on numerous occassions and or to The Delaware Psychiatric Center on numerous occassions (see the plaintiff Superior Court criminal docket Sheet attached

Ronald G. Hosterman informed me
via written notation that I was scheduled
to go before the parole board on April 19, 2005
at the Delaware Correctional Center, and that
I should make certain that I was prepared,
so I gathered up all the certificates i've earned
and went to the parole hearing when I was
called at or about 8:30 A.m on April 19, 2005.
        Subsequently the parole board
explained to me that I was being denied parole
due in part to institutional assaultive behavior,
that I had absolutely no knowledge of,
for which was explained to me by the parole
board was based on disciplinary reports gathered
in my classification file. Said assaultive
behavior is denied by the plaintiff, due to his
not being able to recall said assaultive behavior
This gives reason to why the plaintiff seeks
to have the unconstitutional disciplinary
hearing procedures reviewed.
        The second reason the parole board
gave for denying me parole was that I was not
recommended for parole by the D.C.C correctional
institution. On numerous occasions prior to
April 19, 2005 I requested for treatment administrator
Ronald G. Hosterman to author a parole
recommendation for me utilizing the certificates
i've earned, i.e. -

Anger management group 10/22/99 to 2/4/00,
Workshops for training in nonviolence alternatives
to violence project 9/15/96, Friends in need –
8/1/00, Workshops for training in non violence
alternatives to violence project 11/22-24/96,
New Start program 10/17/96, Workshops for
training in non violence alternatives to violence
project 3/7-9/97, Depression awareness 1/6/04,
Positive lifestyle 2/3/04, Depression group 4/27/04,
Skill building in mental health 12/30/03, Mental
Health coping with anxiety 8/06/04, General
mental health group 2/14/97, HIV/AIDS –
Education program 12/7/04, Understanding
substance abuse group 11/2/98 to 1/25/99,
positive image 5/25/00, Principles of recovery
May 25, 00, D.U.I driving under the Influence
7/31/00, Frustration and Ventilation 7/31/00,
(see attached herein as exhibits), for
which addresses not one but two of the
reasons given to me for being denied parole;
Insufficient participation in appropriate treatment
and not recommended by institution.

The Two remain reasons provided for
denying me parole are violent nature of offense
and Victim impact. The nature of offense
gives reason to why ive served 25 years
of my 45 years sentence.

I intend to state to the parole board during my next parole hearing, that I should be eligable for parole due to my willingness to address the issues pointed out to me that are said to have lead to the nature of the criminal offense responsible for my incarceration.

Regardings to victim impact, I have had (3) parole hearings, and each time before the parole hearing, the victims family and or friends and associates were contacted, and not once has anyone who was contacted responded with objection to my being paroled.

I know that parole is a privilege, I just want to be given the full and fair opportunity to present my self to the parole board in the manner that im entitled to; in accordance to the Superior Court of Kent County sentencing order.

The defendants have been notified by the plaintiff via written notation(s), grievances, as well as verbally, but have failed to respond, act or correct said conditions as stated herein, for which defines deliberate indifference, recklessness and wanton infliction of pain and suffering; 2/05 thru 4/06.

8TH And 14TH U.S.C.A rights violations. See, Estelle v. Gamble, 97 S.CT 285, 50, L.Ed 2d 251. See Also, United States erel, Roso v. Warden, — 482 F. Supp 443.

At the D.C.C, the plaintiff wrote notations to Warden Thomas L. Carsol between Feb 2005 thru April 2006, seeking to be provided with full and complete photo copies of his disciplinary reports, his medical records and his housing records, in order to be able to present the factual time, dates and persons that violated his constitutional rights as stated herein, for the purpose of appeal, as well as for the purpose of filing civil complaint, but the plaintiffs numerous attempts to obtain the documents that are in the possession of the defendants, his attempts were rendered futile due to the defendants simply ignoring the notations

The defendants were at all times during the plaintiff incarceration well aware of his serious mental illnesses of schizophrenia and multiple personality disorder, for which renders the plaintiff incompetent, along with the fact that he complained of not receiving proper mental health treatment as stated herein. Said claims are supported by civil actions that were filed in the United States district court, CA.No 89-393 (JLL) — and CA NO. 05-756 (SLR), see attached herein as exhibits.

P. VIII

According to the Delaware Department of Corrections, (S.O.P), Standard Operational procedure 4.4, issues concerning disciplinary and classification procedures and decisions are excluded from the inmate grievance procedure. Therefore, in regards to The P.LRA, the plaintiff did exhaust his administrative remedies.

See, Brown V. Croak, 312 F. 3d 109, 113 (3RD CIR 2002, Mitchell V. Horn, 318 F. 3d 523, 529 (3RD CIR 2003) Miller V. Norris, 247 F. 3d 736, 740 (8TH CIR 2001), a remedy that prison officials prevent a prisoner from utilizing is not an available remedy under P. L. R. A.

Note: Regarding The plaintiff Kevin D. Dixon SBI# 154239 incompetence, the plaintiff did not author CA NO. 89-393 (JLL) nor did The plaintiff author CA. NO 05-756 SLR.

Furthermore, The plaintiff is a seriously mentall ill person who is diagnosed with schizophrenia and multiple personality disorder for which psychotropic drugs are prescribed.

The plaintiff reads and writes on a third grade level, the plaintiff is not learned in law, and the plaintiff will not be able to litigate This action due to reasons stated herein that define him as an incompetent person.

The plaintiff hereby request for the appointment of Counsel.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-756-SLR |
| | ) |
| COMMISSIONER STANLEY TAYLOR, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Kevin Dixon brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on November 14, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3) The court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. THE COMPLAINT

Plaintiff names as defendants Commissioner Stanley Taylor ("Commissioner Taylor"), Warden Thomas Carroll ("Warden Carroll"), Captain Janet Henry ("Henry"), and J. Jackson ("Jackson"). He alleges that during the early part of June 2005 he was "supposed to have been involved" in some type of altercation with another inmate and was subsequently transferred to Building 21 as ordered by Henry. (D.I. 2, para. 1) Plaintiff alleges he has not been cited for a rule infraction, yet he has

been locked in his room and only allowed three hours of exercise per week[1]. Plaintiff alleges that he has a history of mental illness and the unit is not individualized to his problems. He alleges that he wrote to the disciplinary officer and requested a hearing and representation, but received no response. He further alleges that he wrote to each defendant, and they each "ignored answering". (D.I. 2)

The complaint states that Jackson advised plaintiff his placement in the unit was a result of the June 2005 altercation. Plaintiff alleges he received nothing in writing conveying any type of altercation, nor was he provided with a hearing.

Plaintiff alleges that while housed in the unit, he only receives psychiatric medication. He also alleges there are no available programs. In addition, plaintiff alleges he was unable to secure law library assistance, stating that the library would only provide him cases if he knew the case name. Plaintiff alleges that the Multi-Disciplinary Team recommended that he be removed from the building, but the defendants ignored the recommendation. According to plaintiff, there is no valid or documented reason for the alleged treatment.

Plaintiff alleges he is treated in a punitive manner in violation of his right to equal protection, due process, and the

---

[1]The complaint states, "I have been locked in room 195 hours per week". (D.I. 2, para. 1)  The sentence has two meanings. Plaintiff was locked in Room 195 for many hours per week. Or, plaintiff was locked in his room for 195 hours per week. Notice is taken that a week contains only 168 hours.

prohibition against cruel and unusual punishment. He seeks
immediate removal from Building 21, appointment of counsel,
injunctive relief, and compensatory and punitive damages.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915
provides for dismissal under certain circumstances.  When a
prisoner seeks redress in a civil action, 28 U.S.C. § 1915A
provides for screening of the complaint by the court.  Both 28
U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court
may dismiss a complaint, at any time, if the action is frivolous,
malicious, fails to state a claim upon which relief may be
granted or seeks monetary relief from a defendant immune from
such relief.  An action is frivolous if it "lacks an arguable
basis either in law or in fact." Neitzke v. Williams, 490 U.S.
319, 325 (1989).

The court must "accept as true factual allegations in the
complaint and all reasonable inferences that can be drawn
therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing
Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).
Additionally, pro se complaints are held to "less stringent
standards than formal pleadings drafted by lawyers" and can only
be dismissed for failure to state a claim when "it appears
'beyond doubt that the plaintiff can prove no set of facts in
support of his claim which would entitle him to relief.'" Haines

3

v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A.   Due Process

The gist of plaintiff's complaint is that he was subjected to disciplinary confinement without due process of law.  More particularly, he contends that he was moved to Building 21 in June 2005 without receiving written charges or a hearing.

In Wolff v. McDonnell, 418 U.S. 539, 556 (1974), the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state created liberty interests.  A prison disciplinary hearing satisfies the Due Process Clause if the inmate is provided with: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals."  Wolff, 418 U.S. at 563-71; Griffin v. Spratt, 969 F.2d 16, 19-20 (3d Cir. 1992).  It is axiomatic, however, that to be entitled to procedural due process protections as set forth in Wolff, a prisoner must be deprived of a liberty interest.  See Wolff, 418

4

U.S. at 557-558.

The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." Sandin v. Conner, 515 U.S. 472, 480 (1995) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). More so, state created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (quoting Sandin, 515 U.S. at 484).

The Third Circuit has held that a state prisoner's confinement in administrative segregation for 15 months did not impose an atypical and significant hardship on the prisoner. Griffin, 112 F.3d at 706-09; see Sack v. Canino, No. Civ. A. 95-1412, 1995 WL 498709, *1 (E.D.Pa. Aug. 21, 1995)(assuming that the plaintiff was not afforded the protections called for by Wolff, because the sanction of 30 days disciplinary confinement did not implicate a liberty interest, such infraction did not violate the plaintiff's due process rights). As of this date, plaintiff has been housed in Building 21 for less than seven months - an amount of time that does not implicate a protected liberty interest. That is not to say that plaintiff may have a cause of action if he is left in building 21 for an indeterminate amount of time. Regardless, based upon the relatively short time

5

he has been confined in Building 21, plaintiff lacks the
requisite liberty interest to implicate a due process violation.

As plaintiff has not articulated a protected liberty
interest with respect to his discipline, confinement, and loss of
privileges, his due process claims are dismissed for failure to
state a claim upon which relief may be granted pursuant to 28
U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**B.    Appointment of Counsel**

Plaintiff seeks appointment of counsel.  (D.I. 5) A pro se
litigant proceeding in forma pauperis has no constitutional or
statutory right to appointed counsel. See Ray Robinson, 640 F.2d
474, 477 (3d Cir. 1981).  It is within this court's discretion,
however, to seek representation by counsel for plaintiff.  This
is done only "upon a showing of special circumstances indicating
the likelihood of substantial prejudice to [plaintiff] resulting
from [plaintiff's] probable inability without such assistance to
present the facts and legal issues to the court in a complex but
arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22,
26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d
Cir. 1993)(representation by counsel may be appropriate under
certain circumstances, after a finding that a plaintiff's claim
has arguable merit in fact and law).

Plaintiff has made no showing of a meritorious claim.  As
discussed above, his complaint is frivolous.  The motion is

6

therefore denied.

## IV. CONCLUSION

At Wilmington this /0th day of January, 2006 for the reasons set forth above;

IT IS ORDERED that:

1.    Plaintiff Kevin Dixon's complaint is DISMISSED without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2.    The motion for appointment of counsel (D.I. 5) is DENIED.

UNITED STATES DISTRICT JUDGE

7



# PUBLIC DEFENDER OF THE STATE OF DELAWARE
## ELBERT N. CARVEL STATE OFFICE BUILDING
### 820 NORTH FRENCH STREET, THIRD FLOOR
### P.O. BOX 8911
### WILMINGTON, DELAWARE 19801

LAWRENCE M. SULLIVAN
PUBLIC DEFENDER

T. ANDREW ROSEN
ASSISTANT PUBLIC DEFENDER

ANGELO FALASCA
CHIEF DEPUTY

TELEPHONE
(302) 577-5128

June 28, 2005

Kevin Dixon
SBI# 00154239
Delaware Correctional Center
N-440
1181 Paddock Road
Smyrna, DE 19977

Mr. Dixon,

Your options are 3, serve your life in prison, get released by the Parole board, or get released by the Pardon board and Governor (which requires a hearing before the Parole board).

The only way you are going to the State Hospital as opposed to imprisonment is if the medical staff at the prison determines they cannot adequately take care or your problems. I assure you that anything you try and do to force the issue will make things worse for you, so I wouldn't recommend it. Stick to putting in sick-call slips until whatever problem you have is being properly medicated.

I can't comment on your suggestion of bias in regard to the Chairman of the Parole board. I can however indicate that "insufficient participation in appropriate treatment", "not recommended by institution", and "institutional assaultive behavior" have nothing to do with any bias from the Board, and would earn you a denial no matter who is on the Board.

Get to work with your counselor addressing those concerns as well as the specific suggestions in the denial letter. Once you have successfully addressed the prison's concerns, the Parole

board will fall in line.    Until you are doing what the prison
wants, there is nothing I can do to help you.

Yours,

T. Andrew Rosen, Esq.

IK-82-12-0048                    Title 11 Section 636 a)
State of Delaware                Murder 1st Degree
vs
Kevin O. Dixon

|       |   |                                                                                          |      |
|-------|---|------------------------------------------------------------------------------------------|------|
| 2.00  | ⓐ | 1982, December 9- Rec'd & filed in Superior Court.                                        | cxu  |
| .00   |   | 1982, December 5- Arrest date                                                            | SPC  |
| .00   |   | 1982, December 9- Probable cause established.                                            | CCI  |
| 2.50  |   | 1982, December 5- Warrant issued through SPC #7 Case                                      | AS   |
| D     |   | No. SP2 82-12-0368 Held without bail from C.C.P.                                         | rey  |
| .05   |   | Committed                                                                                |      |
| 2.10  | 2 | 1932, Dec. 15 - Transcript of Preliminary Hearing                                        | arr  |
| 1.00  |   | Merrill C. Trader, Judge                                                                 |      |
|       |   | notice of                                                                                |      |
| 1.00  |   | 1982, Dec. 30, motion to set bail.                                                       | notic|
| om 1.00|  | 1983, Jan. 11 - Subp. reg. Subp. iss.                                                     | natu |
| ten 1.00|  | 1983, Jan. 20- Order signed. (W/attached letter).                                        | ma   |
| 1.00  |   | George R. Wright, Judge                                                                   | mot  |
| 3.00  | 3 | 1983, Feb. 8 - True Bill. George R Wright, Judge.                                         | Sup  |
| 1.00  |   | 1983, Feb 18- defendant arraigned in open court, waved                                    | tras |
| 1.00  |   | reading of indictment, entered a plea of not guilty,                                     | mem  |
| 5.00  |   | jury trial requested. GRWright                                                           | Sup  |
| 1.00  |   | 1983 Jan. 21- Motion to Set Bail was presented in open                                   |      |
| um 1.00|  | court. Motion signed. Bail set at $100,000.00 secured                                    |      |
| 5.00  |   | bond.        George R. Wright, Judge                                                     |      |
| 2.00  |   | 1983 Feb 10- Order                                                                        |      |
| 5.00  |   | 1983, April 26- Notice of Motion, Motion to                                              |      |
| 1.00  |   | suppress statements                                                                      |      |
| 2.00  |   | 1983, April 26- Notice of insanity defense.                                              |      |
| 71.45 |   | 1983, May 9- letter from Nancy Jane Mullen, ref: the                                     |      |
| 2.00  |   | suppression hearing on Kevin Dixon.                                                       |      |
|       |   | 1983, May 17- motion for psychiatric and psychological                                   |      |
|       |   | evaluation.                                                                               |      |
|       |   |                                                                                          |      |
|       |   | 1983, June 2- Office conf. held. Motion to dismiss                                       |      |
|       |   | weapons charge presented. St ate to file Reply                                          |      |
|       |   | Brief. All discovery to be filed by 6-17-83. Suppres                                     |      |
|       |   | hearing set. Motion for psy. Exam granted                                               |      |
|       |   | Wm. S. Bush, III, Judge.                                                                 |      |
|       |   | 1983, June 15- Subps reg Subps issued                                                    |      |
|       |   | 1983, July 14- Subp. reg. Subp. iss  D                                                   |      |
|       |   | 1983, July 15- Subp. reg. Subp iss  D                                                    |      |
|       |   | 1983, July 11, 12, 21- Suppression hearing held before                                   |      |
|       |   | The Honorable W.S. Bush. Brief schedule set. sey                                         |      |
|       |   | 8-1-83. State 8-12-83. Oral argument to be scheduled                                     |      |
|       |   | 1983, Aug. 4- Transcript of hearing. WS Bush, III, Judge                                  |      |

# CRIMINAL ACTION

on Page 264    State vs. Kevin Dixon IK 82-12-0048

1983, Aug. 5 - Memorandum in support of motion to suppress.

1983, Aug. 12 - States response to defendants arguments to suppress.

1983, Aug. 17 - Suppression hearing held before the Honorable Wm. S. Bush, III, and the ruling is that the statements were made by a coherent Kevin Dixon & of his own free will. They will be allowed to be used by the State.

1983, Aug 25 - Order: And now, to wit, this 22nd of Aug 1983, upon application of Nancy Jane Mullen, Asst. P.D., Counsel for defendant, that he be brought to Superior Court Cellblock, New Castle County on Aug 25 to be examined by Dr. Irwin Weintraub and then be returned to DCC.       S/Judge

1983, aug 29 - Change of Plea from not Guilty to Guilty of Murder second degree, a lesser included offense under the same Indictment. PSI.     W.S. Bush, III, Judge.

1983, Oct. 7 - Sentence - IK 82-12-0048 - to be imprisoned for life B. Dec. 4, 1982. Pl Cnw PlC (suspended). IK 82-12-0049 - Nolle Prosequi entered.        Wm S Bush, III, judge.

1984, Jul 3 - Order - It is hereby ordered, pursuant to the provisions of 11 Del. C. sec. 406, that Kevin Dixon be transferred on Friday, June 29, 1984, or as soon thereafter as possible, under whatever security arrangements the Department of Correction deems appropriate, from the Multi-Purpose Criminal Justice Facility to the Delaware State Hospital for further evaluation and treatment of his mental illness, for as long as determined to be medically necessary by the medical staffs of the Department of Correction and the Delaware State Hospital, subject to review by this Court if required or requested, and that the said Kevin Dixon be thereafter returned to the Multi-Purpose Criminal Justice Facility or any other correctional facility designated by the Department of Correction for his confinement.        Robert C. O'Hara, Judge
(for Judge Bush)

CONT'D
P. 492

## CRIMINAL ACTION

92

contd from 504

1986, Feb. 12 - Order. Whereas the Dep't of Correction
(formerly part of the Dep't of Health & Social Services)
has informed the Court thru Dpty Attorney General
Don E. Brown, its counsel, that Kevin Dixon,
a prisoner confined in the maximum Security
Unit of the Delaware Correctional Center serving a
life sentence in the above-captioned case,
is mentally ill; and whereas it is the
opinion of Dr. David E. Raskin, a psychiatrist, and
Kevin Tree, a psychologist, both of whom are
contractual employees of the Dep't of Correction
w. the mental-health expertise contemplated of
an examining physician under 11 Del. C. § 406
both of whom are considered by this Court to have
been app'td under that statute to determine the
prisoner's mental condition, that Kevin Dixon is
presently mentally ill; It is hereby ordered,
pursuant to the provisions of 11 Del. C. § 406,
that Kevin Dixon be transferred on Tuesday, Feb. 11,
1986, or as soon thereafter as possible, under
whatever security arrangements the Dep't of
Correction deems appropriate, from the maximum
Security Unit of the D of C. to the Delaware State
Hospital for further evaluation & treatment of his
mental illness, for as long as determined to be
medically necessary by the medical staffs of
the D. of C. & the D.S.H., + that the said Kevin
Dixon be thereafter returned to the D CC
or any other correctional facility designated by
the D. of C. for his confinement.
                    Bernard Balick, J.

1987, Nov. 18 - Application for reduction of Sentence is here
denied. Judge William G. Bush, III.

1995, June 13 - Ordered that, pursuant to the
provisions of 11 Del C. Sec. 4322(A), the Department
of Correction and/or Board of Parole shall permit
Ms. Perillo to inspect a copy of the aforementioned
reports within no more than one week of the
receipt of this order. N. Maxson Terry Jr.
08/20/95 mm

1999, February 1. - Motion for Psychological and Psychiatric
evaluation filed. bmj

Cont. 493

# CRIMINAL ACTION

Con't from 492

1999, February 2,-16 is hereby ordered and directed that defendant Kevin Dixon be transferred to the Delaware State Hospital where he is to be Psychologically and Psychiatrically evaluated and treated, and that the report be circulated to Defense Counsel, the court and to the Office of the Attorney General, and such report shall be used in evaluating defendant's fitness for release before the Parole Board.          Judge Henry duPont Ridgely

1999, August 18 - Psychiatric/psychological evaluation LM1 report filed -

1999, September 15 - It is ordered that the annexed envelope containing said report shall be sealed and included with the record by the Prothonotary, subject to further order of this Court or the Supreme Court of Delaware in the event of an appeal.
          Judge Henry duPont Ridgely

1999, September 13 - Letter to Judge Ridgely from Dianne Stachowski, DHSS. RE: requesting a court order for the discharge of inmate Kevin Dixon from the Mitchell Building at Delaware Psychiatric Center to the Department of Correction.   So ordered on 9/14/99
          /s/ Honorable Henry duPont Ridgely

2000, February -   Motion for Reduction of Sentence
          Kevin Soll, Esquire                    RDB

2000, August 17 - Motion for Reduction of Sentence denied
          President Judge Henry duPont Ridgely

2001, December 21 - Psychiatric/psychological evaluation MFF report filed

2001, Dec. 26 - Order transporting the defendant to the Delaware State Hospital for evaluation + treatment   M. C.
2002, Jan. 15 - Order sealing report from Dr. Sylvia Loster + Dr. Crista McDaniel.                    MFF

Copy of certified docket requested + sent.  JB



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**OFFICE OF THE SECURITY SUPERINTENDENT**
**MAXIMUM & MEDIUM-HIGH SECURITY**
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977
TELEPHONE: (302) 653-9261
FAX: (302) 659-6663

<u>MEMORANDUM</u>

TO:         I/M Kevin Dixon #154239
            MHU 21 CU8

FROM:       Major David K. Holman D⫶KH

DATE:       September 21, 2005

RE:         Your Letter of September 20, 2005

---

I have checked into your complaint and there has been no finding of guilty by the Hearing Officer regarding the incident you described.

Ms. Forbes and I have discussed this issue and your classification will be reviewed without this incident being considered.

DKH/cf
xc:    Counselor Forbes
       S/Lt. Bernard Williams
       File



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**TREATMENT OFFICE**
**DELAWARE CORRECTIONAL CENTER**
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6688

TO:    **Kevin D. Dixon**
D/E Building

FROM:    Ronald G. Hosterman
Treatment Administrator

DATE:    **April 13, 2005**

RE:    **Parole Board Hearing**

You are scheduled for a hearing before the **Board of Parole** at the **Delaware Correctional Center** on __April 19, 2005__ at approximately **8:30 a.m.**

Please make certain that you are prepared when the officer calls for you.

RGH/mmr

Cc:    File



STATE OF DELAWARE
**BOARD OF PAROLE**
CARVEL STATE OFFICE BUILDING - FIFTH FLOOR
820 N. FRENCH STREET
WILMINGTON, DELAWARE 19801

DWIGHT F. HOLDEN
CHAIRPERSON

TELEPHONE: (302) 577-5233
FAX: (302) 577-3501

April 21, 2005

Mr. Kevin D. Dixon
SBI# 00154239
Delaware Correctional Institution
Smyrna Landing Road
Smyrna, DE 19977

Dear Mr. Dixon:

At the meeting of the Parole Board on April 19, 2005, your release to parole supervision was denied by a vote of 4 to 0.

The Board's decision was based upon the following factors:

- Violent Nature of Offense
- Inst. Assaultive Behavior
- Victim Impact
- Insufficient Participation In Appropriate Treatment
- Not Recommended by Institution

Based on the above-noted factors, the Board of Parole believes that you continue to pose a risk to the community. It is ordered that no further consideration be given to your case. **The Board of Parole recommends that you work with your counselor to develop a plan for continued substance abuse treatment, mental health counseling and violent offender treatment. In addition, the Board strongly suggests completing the GED Program.**

It is the Board's order that you are now eligible to be reheard for parole consideration at any time after the expiration of forty-eight (48) months (4/2009). You may file a new application for parole consideration in accordance with the parole authority and procedure as stipulated in 11 Del. C. §4347, revised July 1, 1992.

Sincerely,

Dwight F. Holden
Chairperson

DFH:dt

cc:    Warden Thomas Carroll, DCC
       Rebecca McBride, Records
       File #9068



Kevin D. Dyton Jr.
SBI# 154239 UNIT SHU-23-D-U-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal mail

CLerK of THE CouRT
U-S Y.S. DisTaicT CouRT
844 N. King sTreeT
Wilmington De.
19801

Legal mail

THIS LETTER WAS SENT BY AN INMATE
WHO IS IN STATE PRISON. THE STATE
IS NOT RESPONSIBLE FOR DEBTS INCURRED
OR FOR THE CONTENTS OF THE LETTER.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

07-26

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff  NEW CASTLE CO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  NEW CASTLE CO
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

FILED

JAN

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☑ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☑ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 10,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE  1/09/07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____