IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN D. DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-26-SLR |
| | ) |
| THOMAS L. CARROLL, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Kevin D. Dixon, SBI # 154239, an inmate at the Delaware Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. He proceeds pro se and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1)

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". <u>Keener v. Pennsylvania Bd. of Probation & Parole</u>, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding in forma pauperis may file a new civil action or

appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

Plaintiff, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. See Dixon v. Taylor, Civ. No. 05-756-SLR (D. Del. Jan. 11, 2006); Dixon v. Dudleck, Civ. No. 94-81-RRM (D. Del. Mar. 1, 1994); Dixon v. Dudleck, Civ. No. 93-594-SLR (D. Del. Dec. 29, 1993). Therefore, plaintiff may not file another civil action in forma pauperis while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). His complaint does not meet that standard. Accordingly, plaintiff is not excused from the restrictions under § 1915(g), and he may not proceed in forma pauperis.

THEREFORE, at Wilmington this 7th day of February, 2007, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (D.I. 1) is denied.

2. Plaintiff is given thirty (30) days from the date of this order to pay the $350.00 filing fee. If plaintiff does not pay the filing fee within that time, the complaint shall be

dismissed pursuant to 28 U.S.C. § 1915(g).

                                                          */s/ Sue L. Robinson*
                                            UNITED STATES DISTRICT JUDGE